UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PORT OF SEATTLE,<br><br>                Plaintiff,<br>   v.<br><br>DONALD WANG,<br><br>                Defendant. | CASE NO. 2:24-cv-00735-TL<br><br>ORDER ON MOTION FOR EXTENSION |

This matter is before the Court on Defendant Donald Wang's Motion for Extension of Time and for Continuance to Conduct Discovery. Dkt. No. 20. Having considered Plaintiff's response (Dkt. No. 21) and the relevant record, the Court GRANTS IN PART and DENIES IN PART Defendant's motion.

This case is currently set for trial in September 2025. Dkt. No. 11. The discovery deadline is currently set for April 10, 2025. *Id.* Plaintiff filed a motion for summary judgment on January 15, 2025 (Dkt. No. 12), to which Defendant did not respond. However, in the Joint

ORDER ON MOTION FOR EXTENSION - 1

Status Report filed by the parties, Defendant noted his opposition to Plaintiff filing a summary judgment prior to the discovery cutoff date. Dkt. No. 10 at 4.

One day after Defendant's response to Plaintiff's motion for summary judgment was due, Defendant moved for an extension of time to respond to Plaintiff's motion for summary judgment and to complete discovery. Dkt. No. 20. He asserts that due to an unrelated arrest on May 1, 2024, he was unable to leave the State of California until January 2025 and thus was unable to conduct adequate discovery or respond to the pending motion. *See* Dkt. No. 20 at 1–2. Defendant additionally moves to continue the trial date in this case. *Id.* at 1.

The Court has broad discretion to grant a time extension for good cause, especially when sought in advance of the deadline. Fed. R. Civ. P. 6(b)(1). As with all civil procedural rules, the Court is required to "liberally construe[ Rule 6(b)(1)] to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (internal quotation marks omitted) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)). Such requests for time extensions are "normally . . . granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* at 1259 (internal quotation marks and citation omitted).

Upon a review of the record, the Court FINDS that an extension is appropriate. Allowing Defendant an extension of time to respond to Plaintiff's motion for summary judgment will permit him the ability to complete discovery, which it appears was hindered by his unrelated probation in California. An extension also will allow the Court the ability to rule on the pending motion for summary judgment with the benefit of full briefing by both Parties and the full development of the factual record.

As the deadline for Defendant to complete discovery is April 10, 2025 (Dkt. No. 11), Defendant shall be permitted until that date to complete discovery as detailed in his motion and

supporting declaration (Dkt. No. 20). However, the Court does not find good cause to extend the trial in this case, as none of the deadlines set out in the Court's order setting the bench trial date and related dates (Dkt. No. 11) will be impacted by the instant extension.

Therefore, the Court ORDERS as follows:

1. Defendant's motion for an extension to respond to the pending motion for summary judgment is GRANTED:
   a. The parties SHALL complete discovery by April 10, 2025.
   b. Defendant SHALL file his response to Plaintiff's pending motion for summary judgment (Dkt. No. 12) **by May 1, 2025**.
   c. Plaintiff SHALL file its reply **by May 8, 2025**.
   d. The Clerk is DIRECTED to renote Plaintiff's motion for summary judgment to May 8, 2025.
2. Defendant's motion to continue the trial date is DENIED. All deadlines except for the dispositive motions date in the case scheduling order at Docket No. 11 remain in effect.

Dated this 18th day of February 2025.

Tana Lin
United States District Judge